UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02877-RPM-BNB

Marta Magaly Genovez,

Plaintiff,

v.

UCHealth Center for Midwifery, Amy L. Artmann, CNM, a/k/a Amy Alderson-Artmann

Defendants.

## COMPLAINT AND JURY DEMAND

COMES NOW the Plaintiff, Marta Magaly Genovez, (hereinafter referred to as "Ms. Genovez" or "Plaintiff"), acting by and through her attorney Andrew T. Brake, Esq. of Andrew T. Brake, P.C., and avers:

### INTRODUCTION

1. Ms. Genovez is a former patient of the UCHealth Center for Midwifery ("Center for Midwifery"), and of Amy L. Artmann, CNM, a/k/a Amy Alderson-Artmann CNM ("Ms. Artmann"), collectively referred to as ("Defendants"). Upon information and belief, Ms. Artmann was, at relevant times, an employee, agent, contractor or representative of Defendant Center for Midwifery. This is a diversity of citizenship action brought as a result of negligence in failing to provide non-negligent prenatal care for Ms. Genovez, as more fully alleged herein below.

### JURISDICTION AND VENUE

2. Jurisdiction over Plaintiff's claims is invoked pursuant to 28 U.S.C. § 1332. Plaintiff is a citizen and resident of the state of Maryland, and the Defendants are

citizens and residents of the State of Colorado. The matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States.

3. Venue is proper with this Court as the alleged negligence took place within the State of Colorado.

4. Plaintiff has satisfied, to the extent applicable, all conditions precedent to bringing this action. Notice pursuant to C.R.S. §24-10-109 was given on or about February 16, 2022, which was within the requisite time period. This case is filed more than ninety days after February 16, 2022, pursuant to C.R.S. §24-10-109(6). Plaintiff has exhausted her administrative remedies, to the extent applicable. Plaintiff does not concede that the prenatal care provided by Ms. Artmann and her claims fall within the governmental immunity protections of C.R.S. 24-10-101, et. seq.

## GENERAL ALLEGATIONS

5. Plaintiff was a patient of Ms. Artmann and other providers at the Defendant Center for Midwifery from on or about February 24, 2020, until the birth of her baby on September 26, 2020.

6. On August 13, 2020, when she was in the thirty-third week of pregnancy, Ms. Genovez told Ms. Artmann that she had experienced a bloody discharge from her right breast. Ms. Artmann charted, among other things, ". . . then had a scant amount of bleeding on bra this morning."

7. On or about August 17, 2021, Ms. Genovez learned she probably had cancer, and thereafter was diagnosed as having Triple Negative Breast Cancer which had metastasized from her right breast.

8. On or after September 10, 2021, Ms. Genovez learned that it was abnormal for her to have had blood coming from her right breast during her prenatal course and that the right breast bloody discharge which Ms. Genovez reported to Ms. Artmann on August 13, 2020, should have been worked up for cancer and had received negligent or substandard care.

9. Upon information and belief, Defendants Center for Midwifery and Ms. Artmann were, at all times relevant, jointly engaged in a joint enterprise involving providing healthcare to Plaintiff and were involved in providing health care-related services within the State of Colorado, either personally and/or through their agents, employees, contractors or other health care related representatives. Defendants Center for Midwifery and Ms. Artmann are jointly and/or severally liable for the negligence alleged herein pursuant to principles of employer/employee, principal/agent, master/servant, joint enterprise, or other vicarious responsibility principles.

10. As a result of the negligence in failing to perform an appropriate workup of Ms. Genovez's right breast bloody discharge which she reported to Ms. Artmann, Ms. Genovez has suffered permanent and irreversible harm and damage, including from the delayed diagnosis of breast cancer. She has suffered metastatic breast cancer, diminished life expectancy, scarring, lost wages, benefits and other perquisites of employment, past, present and future; past present and future mental healthcare-related expenses, mental and physical pain and suffering, inconvenience, emotional distress, impairment of the quality of life, physical impairment or disfigurement, and economic losses including lost earnings, loss of earnings capacity, loss of ability to earn income in the future; past, present and future extensive expenses for reasonable and necessary medical, surgical,

hospital, diagnostic and therapy bills, special lifestyle adjustment, other medical related care or assistance, or life care assistance, that has been or may be incurred in the future, and for other expenses not yet fully known. And has otherwise suffered harm and/or damage, including mental pain and suffering, emotional distress, worry, concern, loss of self-esteem, sleepless nights, shame, humiliation, degradation, loss of enjoyment of life, and other harm and damage.

## FIRST CLAIM FOR RELIEF

### (Negligence)

11. Ms. Genovez hereby incorporates all other allegations of this Complaint and Jury Demand as though fully incorporated herein.

12. The Defendants were negligent in the care and/or treatment rendered to Ms. Genovez in that Ms. Artmann, acted in a manner in which reasonably careful healthcare providers undertaking the care and/or treatment of Ms. Genovez would not do or failed to act in a manner in which reasonably careful health care providers undertaking the care and/or treatment of Ms. Genovez would have at the same time, under the same or similar circumstances in failing to perform an appropriate workup for the bloody discharge reported by Ms. Genovez on August 13, 2020.

13. As a proximate result of the negligence set forth hereinabove, there was a failure to timely diagnose that Ms. Genovez had breast cancer. The delayed cancer diagnosis resulted in metastatic disease, a reduced life expectancy, and the economic and non-economic harm and damage as alleged in the Complaint and Jury Demand.

**WHEREFORE**, Plaintiff respectfully requests that the Court enter judgment in her favor and against the Defendants, jointly and severally, and award the following relief:

a. Damages as alleged in this Complaint and Jury Demand, including but not limited to Past and future lost wages benefits and other perquisites of employment, lost earnings capacity, diminished life expectancy, scarring and disfigurement, past and future physical and mental healthcare-related expenses, past and future damages for physical and mental pain and suffering, scarring emotional distress, worry, concern, loss of self-esteem, sleepless nights, loss of enjoyment of life, and other harm and damage;

b. Pre-judgment and post-judgment interest at the highest lawful rate;

c. Attorney's fees to the extent recoverable, and costs of this action, including expert witness fees, as deemed appropriate; and

d. Any such further relief as justice allows, in conformance to proof at trial.

**PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE.**

Respectfully submitted this 19th day of September, 2022.

Andrew T. Brake, P.C.

By: s/Andrew T. Brake
Andrew T. Brake, Reg. No. 12021
3615 S. Tamarac Dr. #200
Denver, CO  80237
303-806-9000
atbrake@gmail.com
Attorney for Plaintiff

**Plaintiff's Address:**

Ms. Genovez
227 Lakeside Dr. # 103
Greenbelt, Maryland  20770